UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KRISTIE MARIE K.,

          Plaintiff,

   v.

ANDREW SAUL,

          Defendant.

Case No.  20-cv-04156-DMR

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**

Re: Dkt. No. 28

Plaintiff Kristie Marie K. filed a complaint seeking to reverse the Commissioner of the Social Security Administration's administrative decision to deny his application for benefits under the Social Security Act, 42 U.S.C. § 401 *et seq*.  The court granted the parties' stipulation to remand the matter for further administrative proceedings.  [Docket No. 24.]  Following remand, an Administrative Law Judge ("ALJ") found that Plaintiff is disabled and entitled to past-due disability benefits.  Plaintiff's counsel Denise Bourgeois Haley of the Law Offices of Lawrence D. Rohlfing now moves for an award of attorneys' fees under 42 U.S.C. § 406(b).  [Docket No. 28.]  This matter is suitable for resolution without a hearing.  Civ. L.R. 7-1(b).  For the following reasons, the motion is granted.

## I.  BACKGROUND

Plaintiff applied for Social Security Disability Insurance ("SSDI") benefits on August 8, 2017.  Following a hearing, an administrative law judge ("ALJ") issued a decision finding Plaintiff not disabled.  After the Appeals Council denied Plaintiff's request for review, she appealed to this court.  [*See* Docket No. 17.]  On February 1, 2021, the court granted the parties' stipulation to remand the matter for further administrative proceedings.  [Docket No. 24.]  Plaintiff died on May 19, 2021 during the pendency of the remand.  On March 8, 2022, an ALJ held a telephonic hearing at which Plaintiff's mother Jean Karkanen appeared as a "substitute party."

*United States District Court*
*Northern District of California*

The ALJ issued a favorable decision on March 24, 2022, finding that Plaintiff was disabled from May 1, 2017 through May 19, 2021, the date of her death.  [Docket No. 28 at ECF p. 20-22 (Haley Decl., Oct. 21, 2022) ¶ 3, Ex. 2.]  On September 26, 2022, the Social Security Administration ("SSA") issued a notice to Ms. Karkanen discussing Plaintiff's past-due disability benefits in which it indicated that it would award Plaintiff approximately $67,907.00 in past-due disability benefits.[1]  Haley Decl. ¶ 4, Ex. 3 (Notice re: Benefits).

The retainer agreement between Plaintiff and the Law Offices of Lawrence D. Rohlfing permits Haley to request an attorneys' fees award of up to 25% of any past-due benefits awarded.  Haley Decl. ¶ 2, Ex. 1 (Retainer Agreement).  Haley is requesting an award of attorneys' fees in the amount of $12,000, which is less than 25% of the estimated total award of benefits.  *See* Notice re: Benefits at 2.  Of this amount, Plaintiff will be refunded $3,200 for the Equal Access to Justice Act ("EAJA") fees this court approved on November 7, 2022.  [*See* Docket No. 30.]

Haley served a copy of the motion on Ms. Karkanen on November 7, 2022.  [Docket No. 31 (Proof of Service).]  No objections have been filed.  [*See* Docket No. 30 (setting Dec. 2, 2022 deadline for objections to fee motion).]

## II.   LEGAL STANDARD

Under the Social Security Act, an attorney who successfully represents a claimant before a court may seek an award of attorneys' fees not to exceed 25 percent of any past-due benefits eventually awarded.  42 U.S.C. § 406(b).  While contingency fee agreements are permissible in Social Security cases, section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  In deciding whether a fee agreement is reasonable, courts must consider "the character of the representation and the results the representative achieved."  *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808).  The court "first look[s] to the fee agreement and then adjust[s] downward if the attorney provided

---

[1] The SSA's September 26, 2022 notice stated that the SSA "usually withhold[s] 25% of past due benefits in order to pay the approved representative's fee," and that it was withholding $16,976.75 from Plaintiff's past due benefits for any fee.  Haley Decl. Ex. 3.

United States District Court
Northern District of California

1    substandard representation or delayed the case, or if the requested fee would result in a windfall."

2    *Id.* While a court may consider an attorney's lodestar in deciding whether an award of fees under

3    section 406(b) is reasonable, "a lodestar analysis should be used only as an aid (and not a baseline)

4    in assessing the reasonableness of the fee." *Laboy v. Colvin*, 631 F. App'x 468, 469 (9th Cir.

5    2016).

6        An award of fees under section 406(b) must be offset by any award of fees under EAJA.

7    *Gisbrecht*, 535 U.S. at 796.

8    **III.   DISCUSSION**

9        In this case, Haley reports that she spent 13.1 hours litigating this case in federal court, and

10   that a paralegal spent another 4.2 hours on the case.  Haley Decl. ¶ 5, Ex. 4.  If the court only

11   considers Haley's hours, granting the request of $12,000 in attorneys' fees would result in an

12   effective hourly rate of $916.03 for this case.[2]

13       Upon considering the record and arguments, the court finds that fees requested are

14   reasonable.  First, the requested fee amount does not exceed the statutory maximum of 25%.  The

15   hours Haley expended also appear to be reasonable.  *See* Haley Decl. Ex. 4.

16       Second, *Gisbrecht* and *Crawford* make clear that lodestar methodology should not drive

17   fee awards under section 406(b).  This is because "the lodestar method under-compensates

18   attorneys for the risk they assume in representing SSDI claimants and ordinarily produces

19   remarkably smaller fees than would be produced by starting with the contingent-fee agreement."

20   *Crawford*, 586 F.3d at 1149; *see also Gisbrecht*, 535 U.S. at 806 (emphasizing that the lodestar

21

22   [2] The court calculates the effective hourly rate based on the requested fee award under section
     406(b) without first deducting the EAJA fee award that will be refunded to Plaintiff.  This is
23   because section 406 establishes the "exclusive regime for obtaining fees for successful
     representation of Social Security benefits claimants."  *Gisbrecht*, 535 U.S. at 795-96.  An attorney
24   may receive fee awards under both EAJA and section 406(b) but because section 406(b) fees are
     exclusive, the attorney must refund to the claimant the smaller of the fee awards.  *Id.* at 796.  In
25   other words, the fee awards under those statutes are independent of each other and the court must
     determine whether the total section 406(b) award is itself reasonable.  *See Parrish v. Comm'r of
26   Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) ("[A]n award under § 406(b) compensates
     an attorney for *all* the attorney's work before a federal court on behalf of the Social Security
27   claimant in connection with the action that resulted in past-due benefits." (emphasis added)); *see
     also Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20,
28   2020) (calculating the effective hourly rate before deducting the EAJA award).

United States District Court
Northern District of California

1    calculation is intended to govern in fee-shifting cases, not fee awards under section 406(b)).

2    Indeed, after *Gisbrecht*, "district courts generally have been deferential to the terms of

3    contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may

4    exceed those for non contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033,

5    1037 (N.D. Cal. 2003) (Infante, J.).

6        Third, California district courts have awarded comparable or greater fees under section

7    406(b). *See, e.g.*, *Truett v. Berryhill*, 2017 WL 3783892, at *2 (S.D. Cal. Aug. 31, 2017)

8    (awarding an attorney 24.9% of the past-due benefits, which resulted in an effective hourly rate of

9    $1,788.62); *Harrell v. Berryhill*, No. 16-cv-2428-TSH, 2018 WL 4616735 (N.D. Cal. Sept. 24,

10    2018) (awarding $49,584.96 in attorneys' fees, representing an effective hourly rate of $1,213.83

11    and 24.37% of the past-due benefits); *Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL

12    6149710, at *2 (N.D. Cal. Oct. 20, 2020) (finding an effective hourly rate of $1,325.34

13    reasonable); *Ciletti v. Berryhill*, No. 17-cv-05646-EMC, 2019 WL 144584, at *2 (N.D. Cal. Jan.

14    9, 2019) (granting a fee request for $35,442.00, which constituted 23.47% of the past-due benefits

15    awarded).

16        Finally, nothing in the record suggests that Haley provided substandard representation.

17    She achieved a substantial award of past-due benefits for her client, and as noted, no party

18    objected to the fee request.

19        In light of the above considerations, the requested fee award is "not excessively large in

20    relation to the benefits achieved." *Crawford*, 586 F.3d at 1151.

21   **IV.   CONCLUSION**

22        For the reasons stated above, the motion for attorneys' fees is granted. The court awards

23    fees in the amount of $12,000. Haley shall refund Plaintiff's representative the $3,200 previously

24    awarded under EAJA.

25        **IT IS SO ORDERED.**

26   Dated: January 17, 2023

27

28                              Donna M. Ryu
                             United States Magistrate Judge

United States District Court
Northern District of California

4